IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| MONICA H. SNELSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-4073-CV-C-WAK |
| | ) | |
| PETE RAHN, Director, | ) | |
| Missouri Department of Transportation, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

On November 22, 2006, defendant Missouri Highways and Transportation Commission (MHTC) filed a motion to dismiss Counts II and III of plaintiff's first amended complaint. Defendant asserts those claims are brought under the Missouri Human Rights Act which is a state law, and that the MHTC is immune from suit in federal court because of Eleventh Amendment immunity. Plaintiff responded in opposition to dismissal, and defendant replied.

"[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). When applying this standard, the court accepts as true the factual allegations in the complaint and views them in the light most favorable to the plaintiff. Hishon v. King and Spalding, 467 U.S. 69, 73 (1984); Kohl v. Casson, 5 F.3d 1141, 1148 (8th Cir. 1993).

Counts II and III of plaintiff's first amended complaint seek equitable relief and damages for violations of state law.[1] One of the defendants in those counts is MHTC, which the parties agree is an agency of the State. As such, it has Eleventh Amendment immunity and is not subject to an action in federal court for damages or equitable relief under the MHRA unless there has been an express waiver of that immunity. See Pennhurst State School & Hosp. v.

---

[1] Defendant MHTC does not claim Eleventh Amendment immunity for Court I which was brought under 42 U.S.C. § 2000e.

Halderman, 465 U.S. 89 (1984); Hunt v. State of Missouri, Department of Corrections, 119 F. Supp. 2d 996 (W.D. Mo. 2000). Plaintiff has not cited the court to an express waiver of immunity for claims brought under the MHRA in federal court, and the court has found none. Therefore, MHTC is dismissed as a defendant for the claims in Counts II and III.

On November 22, 2006, individual defendants Rahn and Rempe also filed a motion to dismiss the claims in Counts II and III which are brought against them in their official capacities. They assert that in their official capacities they are entitled to Eleventh Amendment immunity. Plaintiff responded in opposition to the motion and defendants replied.

In the caption of her first amended complaint, plaintiff named defendant Pete Rahn in his professional capacity and defendant Brenda Rempe in her professional and in her personal capacities. "[T]he Eleventh Amendment prohibits federal-court lawsuits seeking monetary damages from individual state officers in their official capacities because such lawsuits are essentially 'for the recovery of money from the state.'" Treleven v. University of Minnesota, 73 F.3d 816, 818 (8th Cir. 1996) (citing Ford Motor Co. v. Department of the Treasury, 323 U.S. 459, 464 (1945)).

Suits against state officials seeking prospective injunctive relief may be brought under some circumstances. Nevertheless, "[t]he exception to the Eleventh Amendment carved out by Ex parte Young and its progeny does not extend to lawsuits seeking to enjoin state officers from violating state law." Treleven v. University of Minnesota, 73 F.3d at 819 n.4. Thus, plaintiff's state law claims in Counts II and III against defendant Rahn, brought solely against him in his official capacity, are barred by the Eleventh Amendment. Likewise, plaintiff's state law claims in Counts II and III against defendant Rempe in her official capacity are barred by the Eleventh Amendment. The claims brought against her in her personal capacity are not barred.

The MHTC also filed a motion on November 22, 2006, to strike plaintiff's punitive damage claims on the basis that it is sovereignly immune from such damages. In response, plaintiff indicates that punitive damages are recoverable against MHTC under the MHRA. She cites a case from the Circuit Court of St. Louis County, which was affirmed by the Court of Appeals for the Eastern District of Missouri. She has not cited any authority providing for punitive damages against a state or state agency for Title VII claims.

2

Punitive damages are not available under 42 U.S.C. § 1981a (b)(1) against a government or governmental agency for civil rights violations. The statute specifically excludes governments and governmental agencies from that remedy. Thus, plaintiff's prayer for punitive damages against MHTC on the federal claim in Count I is stricken. The issue is moot for the MHRA claims against this defendant in Counts II and III because the claims against MHTC in those counts are being dismissed, pursuant to the Eleventh Amendment.

On January 11, 2007, plaintiff filed a motion for an extension of time to file a motion for partial summary judgment on certain identified issues. Defendants objected to the motion on the basis that they believed plaintiff desired to file a surreply to the currently pending motions. The court notes that a scheduling order has not been entered in this case because of the pending motions to dismiss, and thus, a deadline for filing dispositive motions has not been set.

Further, plaintiff's motion indicates she desires to present evidence that the Missouri Credit Union is the proper party defendant and is not an agency of the state. If plaintiff desires to amend her complaint to substitute or add parties, she should file an appropriate and timely motion to amend and may submit evidence to prove this court has jurisdiction over the proposed change of defendants.

A proposed scheduling order complying with Local Rule 16.1 should be filed by counsel on or before March 16, 2007, and should state whether the case is to be tried to the court or jury and the anticipated length of trial. The Fed. R. Civ. P. 26(f) meeting shall take place on or before February 23, 2007. When discovery begins in this case, see Fed. R. Civ. P. 26(d) and Local Rule 26.1(b), counsel are reminded that:

1) The number and form of interrogatories and the number of depositions are governed by Fed. R. Civ. P. 30(a)(2)(A) and 33(a).

2) The form of answers to discovery requests and the form of Fed. R. Civ. P. 26 disclosures are governed by Local Rule 26.2.

3) The procedures for resolving discovery disputes is established by Local Rule 7.1(h).

4) The filing of motions does not postpone discovery. *See* Local Rule 26.1(b).

The court requests the parties to provide a courtesy copy of documents and/or exhibits which are fifteen pages or longer in length.

3

The court anticipates counsel will comply with the Tenets of Professional Courtesy, which are attached for easy reference by counsel unfamiliar with them.

Accordingly, it is

ORDERED that the parties submit a proposed scheduling order as set forth above. It is further

ORDERED that defendant Missouri Highways and Transportation Commission's motion to dismiss, filed on November 22, 2006, is granted and plaintiff's claims under the Missouri Human Rights Act brought against MHTC in Counts II and III, are dismissed based upon Eleventh Amendment immunity. [19] It is further

ORDERED that the November 22, 2006 motion to dismiss brought by defendants Rahn and Rempe is granted, so that all claims against defendant Rahn are dismissed and all official capacity claims against defendant Rempe are dismissed. The personal capacity claims against defendant Rempe remain pending. [23] It is further

ORDERED that defendant Missouri Highways and Transportation Commission's motion of November 22, 2006, to strike the punitive damages claims against MHTC is granted for Count I and denied as moot for Counts II and II. [21] It is further

ORDERED that plaintiff's motion of January 11, 2007, for an extension of time to file a motion for partial summary judgment is denied for the reasons set forth in the body of this order. [29]

Dated this 25th day of January, 2007, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

4

# TENETS OF PROFESSIONAL COURTESY

I. A lawyer should never knowingly deceive another lawyer.

II. A lawyer should honor promises or commitments made to another lawyer.

III. A lawyer should make all reasonable efforts to schedule matters with opposing counsel by agreement.

IV. A lawyer should maintain a cordial and respectful relationship with opposing counsel.

V. A lawyer should seek sanctions against opposing counsel only where required for the protection of the client and not for malicious purposes or for mere tactical advantage.

VI. A lawyer should not make unfounded accusations of unethical conduct about opposing counsel.

VII. A lawyer should not intentionally embarrass another lawyer and should avoid personal criticism of another lawyer.

VIII. A lawyer should always be punctual.

IX. A lawyer should seek informal agreement on procedural and preliminary matters.

X. A lawyer should not be rude or disrespectful to witnesses or opposing parties.

XI. A lawyer is both an officer of the court and an advocate. As such, the lawyer should always strive to uphold the honor and dignity of the profession, avoid disorder and disruption in the courtroom, and maintain a respectful attitude toward the court.

XII. Court personnel are an integral part of the justice system and should be treated with courtesy and respect at all times.